[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE THE APPORTIONMENT COMPLAINT
The plaintiff, Wilfred Fournier, in this slip and fall case filed an amended, two-count complaint against the defendants, Maria Gomes and Baykat, LLC (Baykat), on December 10, 1999, alleging that Gomes and Baykat were negligent in permitting ice to accumulate on the sidewalk and permitting the slope of the sidewalk ramp to have an excessive slope. On January 12, 2000, the apportionment plaintiffs, Gomes and Baykat, filed an apportionment complaint pursuant to General Statutes § 52-102b
against the apportionment defendant, RWM Excavating, LLC (RWM Excavating), alleging that RWM Excavating was hired to plow and/or sand the sidewalk area and remove any ice/snow from the premises when the conditions warranted and that any injuries the plaintiff sustained were due to the negligence of RWM Excavating. RWM Excavating filed a motion to strike the apportionment complaint on March 27, 2000, on the ground that Gomes and Baykat may not delegate their duty owed to Fournier. Games and Baykat filed an objection to the motion to strike on April 5, 2000.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof . . ." Practice Book § 10-39(a);Pamela B. v. Ment, 244 Conn. 296, 325 n. 21, 709 A.2d 1089 (1998). In ruling on a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Parsons v. United Technologies Corp.,243 Conn. 66, 68, 700 A.2d 655 (1997); see also Cotto v. UnitedTechnologies Corp., 251 Conn. 1, 18, 738 A.2d 623 (1999). "If facts provable in the complaint would support a cause of action, the motion to CT Page 8750 strike must be denied." (Internal quotation marks omitted.) Bhinder v.Sun Co., 246 Conn. 223, 226, 717 A.2d 202 (1998).
RWM Excavating argues "that where a non-delegable duty exists, an independent contractor cannot be held liable to the plaintiff for damages, and therefore apportionment is inappropriate." (RWM Excavating's Memorandum, p. 2.) RWM Excavating further argues that Superior Courts have "denied the appropriateness of apportionment because "the duty of care owed by the defendant landowner to the plaintiff cannot be delegated to the contractor.'" (RWM Excavating's Memorandum, p. 3.)
Gomes and Baykat argue that General Statutes § 52-572h provides for all responsible parties to be apportioned into the lawsuit and does not provide for an exception for subcontractors removing snow from another's premises. Games and Baykat further argue that the purpose of apportionment is to provide "a framework to assess individual responsibility where multiple defendants are found to be legally responsible for the plaintiff's damages." (Gomes' and Baykat's Memorandum, p. 4.)
"The judges of the Superior Court have spoken with two divergent voices on the issue of whether an apportionment complaint may be filed against an independent contractor by the possessor of premises when the possessor is being sued for damages in a negligence action for the failure to keep the premises in a reasonably safe condition. One line of cases holds that a defendant in possession of the premises has a non-delegable duty to maintain the premises in a reasonably safe condition which precludes the defendant from seeking an apportionment of damages from an independent contractor." Riggione v. Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000,Alander, J.), citing Fullerton v. Wawa, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 406911 (December 15, 1998, Silbert, J.) (23 Conn.L.Rptr. 549); Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 7, 1998, Stodolink, J.) (21 Conn.L.Rptr. 651); Fuda v. JuddSquare Associates, Superior Court, judicial district of New Haven at Meriden, Docket No. 251564 (August 18, 1997, DiPentima, J.) (20 Conn. L. Rptr. 285);Stockton v. Corporate Center West Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 544437 (February 5, 1997, Hennessey, J.). "The opposing view which holds that an independent contractor is liable for its negligent acts or omissions in failing to keep the premises reasonably safe and may be brought into the negligence action for apportionment purposes has also found broad support." Riggione v. Kmart Corp., supra, Superior Court, Docket No. 425255, citing Gulisano v. National Amusements, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 65495 (July 29, 1999, Thompson, J.) (25 Conn.L.Rptr. 203); Dowd v. Jack, Superior CT Page 8751 Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998, Leheny, J.); Uliano v. East Hill Woods, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 61900 (November 9, 1998, Grogins, J.) (23 Conn.L.Rptr. 335); Veach v.Waldbaum, Inc., Superior Court, judicial district of Danbury, Docket No. 331159 (September 16, 1998, Radcliffe, J.) (23 Conn.L.Rptr. 145).
General Statutes § 52-102b provides the authority for a defendant in a negligence action to serve an apportionment complaint on a person not a party to the action. Specifically, subsection (a) of § 52-102b
provides in relevant part that "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." Section 52-572h (c) provides in relevant part that "if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the . . . damages.
This court has previously decided, in Uliano v. East Hill Woods, Inc., supra, 23 Conn.L.Rptr. 335, that "permitting the defendant to seek apportionment of liability serves the purpose of § 52-102b, which entitles a defendant to an apportionment where another party may be liable for a proportionate share of the plaintiff's damages." Id., 337. Therefore, RWM Excavating's motion to strike is denied.
GROGINS, J.